To the Honorable Speaker and Members of The House of Representatives
State Capitol
Montgomery, Alabama
Dear Ladies and Gentlemen:
We are in receipt of House Resolution 14 requesting an advisory opinion of the Justices of the Supreme Court relating to House Bill 75, which provides:
BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable *198 Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending H. B. 75 of the 1981 Special Session, copies of which are attached to this resolution and made a part hereof by reference:
1. Does Section 1 of H. B. 75 violate the constitutionally protected right to equal protection and equal treatment under the law? (I.e., this bill will deprive candidates for re-election [of] certain rights and privileges held by first-time candidates for the same office.)
2. Does the limitation on the right to make campaign contributions abridge a citizen’s right to freedom of expression under Section 4 of the Alabama Constitution and the First Amendment to the U. S. Constitution? (See Buckley vs. Valeo, 424 U. S. 1, 96 S.Ct. 612 [46 L.Ed.2d 659].)
RESOLVED FURTHER, That the Clerk of the House is hereby directed to send sufficient true copies of the pending H. B. 75 to the Clerk of the Supreme Court of Alabama and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.
The copy of House Bill No. 75, forwarded with the resolution reads:
SYNOPSIS: This bill is based upon the wording and language of Advisory Opinion No. 482 of the State Ethics Commission and prohibits campaign contributions to elected public officials who are running for re-election except during the 90 day period immediately preceding an election at which such official is seeking re-election.
A BILL TO BE ENTITLED AN ACT
To amend Section 36-25-6, Code of Alabama 1975, which relates to public officials receiving gifts, favors or things of value, so as to provide that no person shall make or give any campaign contribution to any elected public official except during the 90 day period immediately preceding an election at which the elected public official is seeking re-election.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. Section 36-25-6, Code of Alabama 1975, is hereby amended to read as follows:
“§ 36-25-6.
“No person shall offer to or give to a public official or employee or his family, and none of the aforenamed shall solicit or receive anything of value, including a gift, favor or service or a promise of future employment, based on any understanding that the vote, official actions, decisions or judgment of the intended recipient or family member would be influenced thereby. Expenses associated with social occasions afforded public officials and employees shall not be deemed a thing of value within the meaning of this section or prohibited hereby.

“No person shall make or give, or offer or promise to make or give, any campaign contribution of any kind whatsoever, to any elected public official. This prohibition shall include, but not be limited to, any judge, constitutional officer, city councilman or city commissioner, county commissioner, probate judge, sheriff, tax assessor, tax collector or elected education official. This prohibition shall not apply to the 90 day period immediately preceding an election at which the elected public official is seeking reelection.”

Section 2. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
We perceive that Code 1975, § 36-25-6, as amended by House Bill 75, would be violative of both the United States and Alabama Constitutions. The United States Constitution in the Fourteenth Amendment and the Alabama Constitution in Article 1, §§ 1, 6 and 22, guarantees equal protection *199 under the laws. The United States Supreme Court in Buckley v. Valeo, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), stated that absent record evidence of invidious discrimination, a court should generally uphold legislation which on its face imposes evenhanded restrictions. However, the amendment to § 36—25-6 as proposed by House Bill 75 is discriminatory on its face. The restrictions apply to elected public officials only and hence denies them the rights to receive contributions that are afforded other candidates for office. As such it denies elected public officials equal protection under the law.
As a result of our opinion relating to question one of House Resolution 14, we do not reach question two therein.
Respectfully submitted,
C. C. Torbert, Jr.
Chief Justice
James H. Faulkner
Reneau P. Almon
Janie L. Shores
T. Eric Embry
Sam A. Beatty
Justices